**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 9:25-80262-CIV-CANNON**

| | |
|---|---|
| CARY CANTNER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GAME OF SILKS, INC., DAN NISSANOFF, TROY LEVY, TROPICAL RACING, INC., RON LUNIEWSKI, AND DEREK CRIBBS,<br><br>Defendants. | **STIPULATION AND [PROPOSED] ORDER** |

WHEREAS, on February 24, 2025, Plaintiff Cary Cantner ("Plaintiff" or "Cantner") filed the Complaint in this action (ECF No. 1) asserting putative class action claims under the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 77a *et seq*, against Defendants Game of Silks, Inc., Dan Nissanoff, Troy Levy, Tropical Racing, Inc., Ron Luniewski, and Derek Cribbs (collectively, "Defendants");

WHEREAS, on February 27, 2025, the Court issued an Order dismissing the Complaint *sua sponte* without prejudice and ordering an amended complaint that is consistent with the Order be filed on or before March 10, 2025, ECF No. 5;

WHEREAS, on March 6, 2025, Plaintiff filed an Amended Complaint asserting putative class action claims under the 1933 Act against the Defendants, ECF No. 6;

WHEREAS, this Action is governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 *et seq*. ("Reform Act"), which requires that no later than 20 days after the date on which the Complaint is filed, the plaintiff shall publish a notice advising members of the purported plaintiff class of "the pendency of the action, the claims asserted therein, [] the purported class period; and [] that, not

later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A);

WHEREAS, Plaintiff, through its undersigned counsel, published the Reform Act's required notice on February 24, 2025, and members of the putative class have until April 25, 2025 to move the Court for appointment as lead plaintiff in this action;

WHEREAS, the Reform Act provides that following the expiration of the 60-day notice period, the Court will address consolidation of all related actions (if any), the appointment of a lead plaintiff, and the lead plaintiff's retention of lead counsel, 15 U.S.C. § 77z-1(a)(3)(B);

WHEREAS, the Reform Act also requires that "discovery and other proceedings shall be stayed during the pendency of any motion to dismiss," 15 U.S.C. § 77z-1(b)(1);

WHEREAS, the undersigned counsel to Defendants have been authorized to waive service of the summons and accept service of the Amended Complaint in this action on behalf of Defendants;

WHEREAS, the undersigned counsel for Defendants have executed waivers of service of the summons in this action as of March 6, 2025, and the current deadline for Defendants to respond to the Amended Complaint is May 5, 2025, ECF Nos. 9-14;

WHEREAS, on March 10, 2025, the Court issued an Order stating, among other things, that "After all Defendants have been served, Defendants shall submit a single combined response or separate answers within the time allowed for the last-served Defendant to respond." ECF No. 8.

WHEREAS, the parties wish to provide time for Defendants to respond to the Amended Complaint or any consolidated or further amended complaint that may be filed in accordance with the procedural timing requirements of the Reform Act;

WHEREAS, the parties agree that, for reasons of judicial efficiency and economy, conservation of time and resources, and orderly management of this action, Defendants should not respond to the

existing Amended Complaint and any further complaints that may be filed arising out of the same set of facts and circumstances as set forth in the existing Amended Complaint, but rather, should withhold responding to any of these actions until after: (i) the Court has had the opportunity to determine any motions to consolidate the above-captioned action with other actions (if any); (ii) the Court has appointed a lead plaintiff(s) and lead counsel; and (iii) the lead plaintiff(s) has filed a consolidated or further amended complaint or designated the existing Amended Complaint the operative complaint; and

WHEREAS, pursuant to the Electronic Case Filing Administrative Procedures for the Southern District of Florida, all undersigned counsel consent to the use of their electronic signatures on this Stipulation and Proposed Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the undersigned parties to this action, as follows:

1. The undersigned counsel for Defendants hereby agrees and consents that service was properly effected on, and/or waived by, Defendants on March 6, 2025.

2. All Defendants hereby waive the defenses of insufficient process and insufficient service of process and the ability to make a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5).

3. Defendants shall not be required to answer or otherwise respond to the Amended Complaint at this time.

4. Defendants' time to respond to the Amended Complaint is extended until after a lead plaintiff has been appointed and an operative complaint has been filed or so designated. All Defendants' responses to such operative complaint shall be made in compliance with the Court's March 10, 2025 Order (ECF No. 8).

5. Within fourteen (14) days after entry of an order appointing lead plaintiff(s) and lead counsel, counsel for lead plaintiff(s) and counsel for Defendants shall meet and confer and submit to the Court a proposed schedule for filing of a consolidated or further amended complaint, if any, and a time for Defendants to respond to the Amended Complaint or any consolidated or further amended complaint by answer, motion, or otherwise.

6. Except as to the defense of insufficient service of process and insufficient process or the ability to make a motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(4) or 12(b)(5), as set forth above, by entering into this Stipulation, Defendants do not waive, and hereby expressly preserve, all potential defenses in this litigation.

7. There have been no prior requests for an extension of time to respond to the Amended Complaint.

Dated: April 15, 2025

*/s/ Robert K. Tucker II*  
**GORDON REES SCULLY MANSUKHANI LLP**  
Robert K. Tucker II  
Fla. Bar. No. 51641  
rtucker@grsm.com  
100 SE Second Street, Suite 3900  
Miami, Florida 33131  
305.428.5300  

Peter G. Siachos (*pro hac vice*)  
psiachos@grsm.com  
677 King Street, Suite 450  
Charleston, SC 29403  
843.278.5900  

Clair E. Wischusen (*pro hac vice*)  
cwischusen@grsm.com  
277 S. Washington Street, Suite 550  
Alexandria, VA 22203  
202.800.2999  

*/s/ Joshua W. Ruthizer*  
**WOLF POPPER LLP**  
Joshua W. Ruthizer  
Fla. Bar. No. 92528  
JRuthizer@wolfpopper.com  
845 Third Avenue  
New York, New York 10022  
212.759.4600  

**BURWICK LAW PLLC**  
Max Burwick, Esq. (*pro hac vice* motion filed)  
max@burwick.law  
43 West 43rd Street, Suite 114  
New York, NY 10036  
646.762.1080  

*Attorneys for Plaintiff*

*Attorneys for Defendants Game of Silks, Inc., Troy Levy, Tropical Racing, Inc., Ron Luniewski, and Derek Cribbs*

　　　*/s/ Cody German*
**COLE, SCOTT & KISSANE, P.A.**
Cody German
Fla. Bar. No. 58654
Cody.German@csklegal.com
S. Jonathan Vine
Fla. Bar. No. 10966
jonathan.vine@csklegal.com
Tiffany J. Hornback
Fla. Bar. No. 1031263
tiffany.hornback@csklegal.com
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
305.350.5300

*Attorneys for Defendant Dan Nissanoff*

**SO ORDERED:**
_____
The Honorable Aileen M. Cannon
United States District Judge

Miami, Florida; Date: _____