IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 25-80262-CIV-CANNON

CARY CANTNER, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.

GAME OF SILKS, INC., DAN
NISANOFF, TROY LEVY, TROPICAL
RACING, INC., RON LUNIEWSKI
and DEREK CRIBBS,

    Defendants.
_____/

**JOINT MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO COMPLAINT**

Plaintiff Cary Cantner ("Plaintiff") and Defendants Game of Silks, Inc., Dan Nisanoff, Troy Levy, Tropical Racing, Inc., Ron Luniewski, and Derek Cribbs (collectively, "Defendants"), through their undersigned counsel, file the instant joint motion seeking an enlargement of time regarding the putative class action complaint Plaintiff has filed in the above-captioned action. In support, the parties state the following:

1. On February 24, 2025, Plaintiff filed a securities class action complaint against Defendants [ECF No. 1].

2. On February 27, 2025, upon a *sua sponte* review of the record, the Court dismissed the complaint without prejudice and with permission to file an amended complaint [ECF No. 5].

3. Subsequently, on March 6, 2025, Plaintiff filed an amended securities class action complaint (the "Amended Complaint") [ECF No. 6].

4. On March 6, 2025, all Defendants executed waivers of service of the Amended Complaint, which set May 5, 2025 as the deadline to answer or otherwise respond [ECF Nos. 9–15].

5. On March 10, 2025, the Court issued an Order directing Defendants to "submit a single combined response or separate answers [to the Amended Complaint] within the time allowed for the last-served Defendant to respond" [ECF No. 8].

6. Because the Amended Complaint pleads claims under the Securities Act of 1933, this action is subject to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1 *et seq.*

7. Section 77z-1(a)(3) directs the Court in a securities class action to appoint the "most adequate plaintiff" to serve as lead plaintiff for the proposed class. 15 U.S.C. § 77z-1(a)(3).

8. The PSLRA requires that, within twenty days of filing the complaint, the plaintiff "publish[], in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—(I) of the pendency of the action, the claims asserted therein, and the purported class period; and **(II)** that, not later than 60 days after the date on which the notice is published, any

member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i).

9. Plaintiff published the PSLRA required notice of pendency on February 24, 2025; therefore, any motion for appointment as lead plaintiff pursuant to the PSLRA—and any accompanying request for approval of counsel—are due no later than April 25, 2025.

10. Lead plaintiff and lead counsel will not be appointed until after briefing on any lead-plaintiff motions is complete. Accordingly, it is currently unknown who will ultimately have the authority to act on behalf of the putative class, and whether the Court-appointed lead plaintiff will file a further amended complaint or stand on the existing Amended Complaint. As a result, it would be inefficient and a waste of the Court's and the parties' resources for Defendants to respond to any complaint in this action until after lead plaintiff and lead counsel are selected and they file or designate an operative complaint.

11. The parties have not previously received an extension of time to respond to any submissions in this case.

12. Rule 6(b) of the Federal Rules of Civil Procedure provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b).

13. "[A]n application for enlargement of time … normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse

party." 4B C. Wright & A. Miller, Federal Practices & Procedures § 1166 (3d Ed. 2002).

14. Neither condition is present here, and this motion is not brought for the purpose of delay. The request is made in good faith, and granting it will not prejudice any party.

15. Based on the foregoing, the parties jointly request that the Court enter an order adjourning the time for Defendants to respond to the complaint pending the appointment of lead plaintiff and lead counsel and the filing of an amended complaint or designation of an operative complaint, which will avoid unnecessary expense to the parties, as well as unnecessary expenditure of Court resources,

16. Courts in this District have frequently entered orders like the one requested here in comparable PSLRA cases. *See Jastram v. Nextera Energy, Inc.*, No. 9:23-cv-80833-AMC (S.D. Fla. July 20, 2023) ([ECF No. 24], granting joint motion which sought the same schedule requested here for the filing of a further amended complaint or designation of an operative complaint and the response thereto in a PSLRA case); *Rodriguez, v. Alfi, Inc.*, 1:21-cv-24232-KMW (S.D. Fla. April 15, 2022) ([ECF No. 71], granting joint motion which sought a similar schedule for the filing of a further amended complaint or designation of an operative complaint and the responses thereto in PSLRA case); *Douglas v. Norwegian Cruise Lines*, No. 1:20-cv-21107-RNS (S.D. Fla. June 16, 2020) ([ECF No. 54], granting Defendant's unopposed motion to set initial schedule and defer discovery obligations in PSLRA case); *Miyahira v. Vitacost.Com, Inc.*, No. 9:10-cv-80644-KLR (S.D. Fla. August 11, 2010) ([ECF No.

25], granting motion to enter similar scheduling order that was jointly requested by the parties in PSLRA case); *In re: Royal Caribbean Securities Litig.*, No. 1:11-cv-22855-KMW (S.D. Fla. September 13, 2011) ([ECF No. 18], granting unopposed motion for extension of time for parties to respond to initial pleadings in PSLRA case).

17. Accordingly, the parties respectfully request that the Court enter an order adopting the following schedule:

a. Defendants are not required to answer, move against, or otherwise response to the Amended Complaint, or any other complaint filed in this action, until a lead plaintiff and lead counsel are appointed.

b. Within 14 days after the Court issues an order appointing a lead plaintiff and lead counsel, counsel to the appointed lead plaintiff and counsel to the Defendants shall confer and submit a proposed schedule providing deadlines for the lead plaintiff to amend the complaint or to designate the Amended Complaint as operative, for Defendants to respond to the operative complaint or further amended complaint, and for briefing of any motion filed by Defendants in response to the operative complaint or further amended complaint.

18. In accordance with Local Rule 7.1(a)(2), a proposed order is attached as Exhibit A and will also be emailed to chambers.

19. In accordance with Local Rule 7.1(a)(3), prior to filing this motion, the parties met and conferred by email and determined to submit this motion jointly.

...

**WHEREFORE**, Plaintiff and Defendants request entry of an order providing an enlargement of time to respond to the complaint and setting the briefing deadlines as outlined above, and for any other relief deemed proper.

Dated: April 24, 2025

| | |
|---|---|
| /s/ Robert K. Tucker II | /s/ Joshua W. Ruthizer |
| **GORDON REES SCULLY MANSUKHANI LLP** | **WOLF POPPER LLP** |
| Robert K. Tucker II | Joshua W. Ruthizer |
| Fla. Bar. No. 51641 | Fla. Bar. No. 92528 |
| rtucker@grsm.com | JRuthizer@wolfpopper.com |
| 100 SE Second Street, Suite 3900 | 845 Third Avenue |
| Miami, Florida 33131 | New York, New York 10022 |
| 305.428.5300 | 212.759.4600 |
| | |
| | **BURWICK LAW PLLC** |
| Peter G. Siachos (*pro hac vice*) | Max Burwick, Esq. (*pro hac vice*) |
| psiachos@grsm.com | max@burwick.law |
| 677 King Street, Suite 450 | 43 West 43rd Street, Suite 114 |
| Charleston, SC 29403 | New York, NY 10036 |
| 843.278.5900 | 646.762.1080 |
| | |
| Clair E. Wischusen (*pro hac vice*) | *Attorneys for Plaintiff* |
| cwischusen@grsm.com | |
| 277 S. Washington Street, Suite 550 | |
| Alexandria, VA 22203 | |
| 202.800.2999 | |

*Attorneys for Defendants Game of Silks, Inc., Troy Levy, Tropical Racing, Inc., Ron Luniewski, and Derek Cribbs*


   /s/ Cody German
**COLE, SCOTT & KISSANE, P.A.**

Cody German
Fla. Bar. No. 58654

Cody.German@csklegal.com
S. Jonathan Vine
Fla. Bar. No. 10966
jonathan.vine@csklegal.com
Tiffany J. Hornback
Fla. Bar. No. 1031263
tiffany.hornback@csklegal.com
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
305.350.5300

*Attorneys for Defendant Dan Nissanoff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2025, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

      *s/ Robert K. Tucker II*
      Robert K. Tucker II, Esq.